I'm glad everyone could make the arrangements to be here today. Sorry, we're not in person, but we're happy to see you by video. This is the time set for a hearing in DeMartini v. DeMartini, and you may proceed. Thank you. My name is David Dimitrick. I represent the appellants in this case. And as I did with our briefs, I will refer to my clients as Timothy. And to the appellees as Michael to distinguish the two of them. Before I get to the court's recent question about the effects of the summary judgment DeMartini decision, I'd like to make a few comments about the district court's order in its nature, because it ought to be reversed because of the defects in it. On technical grounds, the court, the trial or district court's order that rejected Timothy's fee apportionment motion ought to be reversed for three basic reasons, the first is that local rule 293 is composed in a manner to apply solely to statutes that are prevailing party fee statutes. That's the standard that exists in some statutes, but it's not the standard that exists in every statute. The fee statutes involved in the motion that Timothy filed are different. They're governed by a standard that is equitable in nature. It is governed by a standard that California describes as a of the co-tenants in the case. And so therefore by applying rule 293 to a very different standard was an error all by itself. The second reason concerns the procedural context. Yeah. So let me ask you, let me ask you a question about the first reason. So with regard to, to this reason, your contention is that when the pre-trial conference order says the matter of the award of attorney's fees to prevailing parties pursuant to statute will be handled by motion in accord with local rule 293. Your view is that that provision in the pre-trial statement or the pre-trial conference order is inapplicable because this is something in your view that is other than an award of attorney's fees to prevailing parties pursuant to statute. That's one way to put it, it's a fair way to put it Judge Bennett. I have answered the question. I think that, and have I answered the question for the court guidance? Well, you've answered the question. So that would mean that this other category of attorney's fees is not covered at all then in your view in the pre-trial conference order. I think it is covered in a different section having to do with, albeit not the most precise way to express it, but the pre-trial conference order did mention something to the effect of recovering fees or proceeding under the California partition statutes. And so at the time the pre-trial conference order was rendered, the issue of attorney's fees would not have been an issue to be litigated in the first phase of a partition trial. Which is going to bring me to a point that I was going to make. Yeah, before you leave that issue though, did you make this argument before the district court? I wasn't the attorney at the district court, so I didn't make it, okay. I mean, it didn't look to me like this, this technical question of 293 and its reach was presented to the district court. It was not presented in the form of the pre-trial conference order, but if the pre-trial conference order is considered in light of what a partition claim is, it wouldn't have been necessary. But counsel, in your pleadings to the district court seeking attorney's fees, and I'm looking now not at the motion, but at the reply in support of the motion at ER 372, you cite from the section of the pre-trial conference order that I read, and you talk about local 293 and the argument that your colleague made below was that in fact, your entitlement to attorney's fees was based on rule 293, right? Well, yes, but also the, once again, it has to be understood in the context of what a partition claim is. Because I guess the point is if you don't, if you don't present it to the district court and raise it for the first time on appeal, usually we don't consider those new arguments because the district court hasn't had the opportunity to pass on it. I understand that your honor. However, if I can allow, be allowed to finish this point, the partition claim process would never have entailed a fee claim to be decided leading up to the interlocutory judgment, the trial in that process, or within 28 days thereafter, and whether the pretrial order says something about 293 or not. Once a trial court decides that the basic elements for a partition claim have been satisfied, which was done here, then you move into the second phase of the case and the second phase of the case, the partition claim, is the basis in which fees may become something that are earned or generated for the common benefit until the work is done. Nobody's going to know ahead in a, at the stage of a pretrial conference order or in the trial itself. Nobody's going to know thereafter what is going to be necessary to finish the second phase because we don't know whether the trial court's going to order a sale, we don't know whether the trial court's going to divide the property, require it to be divided. We don't know all of the steps that follow once the initial interlocutory decision is made. Well, counsel, let me, let me follow up on that. The district court basically ruled that the reason why its judgment was a final judgment, and I'm looking here at ER4, was that there was nothing left for the court to adjudicate and thus its prior order amounted to a final judgment. If in fact, as you say, that there was all of this stuff left to be done, then how do we even have jurisdiction in this case, if the district court was wrong that this was a final order, that there was just basically things to be done that don't impact its finality. If the district court was right, then you were able to file your appeal. But if the district court was wrong, why wasn't this simply an interlock? Why isn't everything interlocutory non-final so that we don't have any jurisdiction at all on appeal if this order wasn't actually the equivalent of a final judgment? I know both sides have said the appeal here is proper and no one has, no one has challenged that we have jurisdiction, but we have to determine that ourselves de novo, so if you are right, again, why, how do we have appellate jurisdiction over your two appeals? Well, thank you, Yaron. The, you have appellate jurisdiction because of this, California law, a case law makes this at least clear in partition claims, the interlocutory judgment is final as to the issues it actually decides. Fees, apportionment of fees, which occur after the interlocutory judgment is entered, are, were not decided in the interlocutory judgment. And therefore, when the district court got around to denying the apportionment motion, that became an appealable order because it had all the earmarks of a final judgment, but from that perspective, from the interlocutory perspective, there are two things that became final. Well, let me stop you there, counsel. I mean, generally speaking, fee orders are not appealable until the final judgment is entered. I, I can't hear you. No, we, we don't, we don't, we don't consider interlocutory either grants or denial of fee orders to be appealable. And here you don't have a judgment at the end of the case. I agree with, I agree with that. That's one of my points. We don't have that final judgment. So what California does is it carves up. Right. But you know, I don't see how California law controls federal treatment of final judgments. I think California law controls, let's put it this way. California partition law controls the question of what a fee apportioned motion is all about. And that's why this is distinguished. I understand your argument on that. I'm not quarreling with you necessarily on that. What I'm saying is it seems to me, this is a premature appeal because under your theory, the interlocutory judgment was non-final and you're I am saying that among other things. Yes, I am saying that. Yeah. But our question is why do we have appellate jurisdiction then under your theory? That I think to be a different question. And on that score the question then becomes whether in the context of a request for fees for apportionment, whether the denial of that request, not on 293, but they deny it, whether that's a final determination within the ambit of what federal courts have said, this is final, that's not final. And I think that the reference from the court to these other cases that ordinarily do not consider the courts to have appellate jurisdiction over fee issues is radically different from just this nature of a partition claim. Now, what's your best case that says a fee order prior to final judgment is a final appealable order? I have nothing from the state point of view because state courts haven't really asked that question and the federal courts haven't really addressed that question in the context of a California partition claim. So in some sense, this is unexplored territory. Council, in your opponent's brief, they spend, starting at page 21 of the red brief, a significant number of pages discussing why the interlocutory judgment is final under federal law. In your reply brief, and again, that's not binding on us. We have to determine our jurisdiction de novo, but in your reply brief, did you do anything to quarrel with their argument that the judgment is final under federal law? As I understand the court's question, I did in this way because state law is what governs this. OK, I understand. I understand that argument. Yeah. All right. Well, with regard to what little time I have left now, I guess I'll devote it to this subject, which is in the context of the court's recent question, the court asked what impact or effect the court's decision in the summary judgment motion had on what I understood to be the district court's denial of the fee motion, fee apportioned motion. My response to that, it had no effect. And the reason it had no effect is because this court's decision in that summary judgment ruling determined that there was an issue of partnership, business partnership management. It did not determine that there was an issue of partnership ownership of the real property was determined in the interlocutory judgment. It wasn't appealed. It's one of the two issues that must be decided and that do become final. And therefore, ownership has been adjudicated forever. It's done. And because of that, this court's summary judgment ruling did not have an effect on the denial or the interlocutory judgment. I see I'm running out of time with my 10 minutes, and I'd like to reserve time unless the court has other questions right now. We'll give you some time for it. Thank you. Ms. Davis. Good morning. Good morning, Your Honor. So may it please the court, Katherine Davis on behalf of Apelles. In our view, of course, the district court correctly ruled and should be affirmed. Rule 293 undoubtedly governed the fee motion here as the court properly found. And the panel has recognized Timothy did not, in fact, contest that 293 sets out the relevant timeline for requesting fees in a partition action. Rather, his sole argument was dedicated to the question of finality. Thus, under standard rules that the issue has been conceded, and he's waived the right to argue that 293 doesn't apply to common benefit fees in a partition action. And as Judge Bennett pointed out, in fact, the district court noted the concession in the reply brief, Timothy not only conceded the applicability of 293, but also stated that his motion and affidavit was compliant with that rule. So both his objection to its applicability generally vis-a-vis California law, but also its limitation to so-called prevailing party fee statutes should be deemed conceded and waived. As the panel has also pointed out, the Rule 16 pretrial conference order unequivocally stated that 293 applies to all fee motions after trial. This was not a bifurcated trial. In fact, the partition bench trial occurred on the same day, second half of the day as the jury trial, all the motions in limine, all the briefing. So counsel, you spent a lot of your red brief talking about why we have jurisdiction, why this is a final appealable order, correct? Yes, your honor. Okay. So the district court said basically in determining why under the local rule that this was a final judgment basically says that following the resolution of the partition claim, there was nothing left for the court to adjudicate and that according to the district court, everything that was left was the equivalent of cost type determinations. So first, is that an accurate statement of what the district court said? And if it is, do you agree with it? Thank you, your honor. Yes, it is absolutely an accurate statement. At the time that the partition trial was held again on the afternoon of the jury trial concluded, there were no other claims at issue. The Timothy had three claims. There was a partnership dissolution claim, which had been remanded. There was a breach of contract claim, which had been jury tried to judgment. And all of Michael's counterclaims had been dismissed on summary judgment. So at that moment, the only remaining claim was partition. And the court did adjudicate in accordance with the California statutes, all of the elements of that claim, including ownership entitlement, the manner of partition, including making findings that Timothy had not carried his burden to us to seek a right to sale. The court even described how the parcels would be divided in a Northern and Southern manner. So in terms, obviously we have to decide whether we have jurisdiction. But a question that I'd like your view on is in terms of the district court's determination that under the local rule, this was a final judgment because there was nothing left to be resolved except court type issues in determining our review. Do we apply to those determinations by the district court? Do we do we review them de novo like we would normally review jurisdiction, quad jurisdiction, or are those findings by the district court involving the local rule and what in the district court's view was left to be done in the case entitled to any type of deferential review by us? Thank you. That's a that's that's a challenging question. I mean, I would say obviously, typically it would be in a general sense, it would be a legal question. But in this case, because we have concession and waiver and a pretrial conference order and the parameters of this litigation, you know, we're very expressly controlled by Rule 16. I think it's a different analysis. Well, except if I might interrupt. Thank you. There's no concession that the interlocutory judgment was a final judgment. Well, actually, Your Honor, there are four, several concessions. And also, does it matter? I mean, we have to determine whether it's a final judgment or not. It's labeled interlocutory. There was no entry of judgment under Rule 58. As it seems to me what the district court probably should have done is either certified the question under 54B, as he did previously, or enter judgment under Rule 58. And absent that, it's hard to see that this judgment is final and appealable. Well, these questions weren't raised in such a great extent, so I'm thinking to the best of my ability, I think. Well, first, you'd agree that there's no 54B certification in the order. And two, there was no separate entry of judgment under Rule 58. Correct. I think that the 150 day deadline would apply, and that would render it final. But the 150 only applies if nothing else is going on in the case. And if there's a final order and the clerk just doesn't enter judgment, then the 150 days applies. But here, there are ongoing proceedings which have been stayed pending this appeal. So the case isn't over yet. Well, Your Honor, it becomes a circular analysis because the case was finished at the time. Again, all the elements of the partition claim were fully adjudicated. And under Kaitlin and the Ray Halluj-Gravel case and the Jones case in this court addressing consent decrees, we see this often in that context. Consent decrees are different. The problem here is, I think under your theory, there's going to be a second final judgment entered eventually. Correct. I think that the law is clear that there can be several final judgments or appealable orders in a case. If you're certified, you know, it's hard for me to see. Let me put it this way. Do you feel you have a right to appeal a partition order? Well, under California law, certainly that's the case. And so but to do that, your time is already run on that interlocutory order. Correct. Can you? Oh, because it's 60 days versus 30 days. I'm not sure I follow the question, Your Honor. Well, if you're going to challenge the interlocutory judgment that granted partition, your time is already run if that's a final order. Correct. Oh, you're you're referring to the 60 days? You're referring to to the appellees? Yes. OK, that's true. That's true. The the the the. Go ahead. Sorry. Well, it begs the question because the court I think that the district court's intent is relevant here also. I think the cases speak to that. And at the time the judgment was entered, it was the court's intent that this was final. There was not until after the judgment. Was entered. There was discussion of appointing a referee. But even under California law that those are those go to the effectuation of the judgment itself. There's no authority under any law for a post judgment alteration of the findings of fact in the interlocutory judgment itself. So regardless of what the question is, finality that you could always have a motion to amend the judgment. But the judge didn't use the term final judgment in the order he labeled it as interlocutory. There is no separate issuance of a rule 58 entry of judgment. And then there are further proceedings. And we do have some case laws as district courts don't have the discretion to label their orders as final when they're not final. Under Cal, it's entitled interlocutory judgment of partition in accordance with California law because the judge was that's what they that's what it's called. That word that that word interlocutory is a term of art in California law to describe what what this is, as opposed to when you use the same word under Rule 54 to certify a partial final judgment that this is a term of art under California law. Yes. But I gather you think if there's a further judgment of the court that actually resolves the manner of partition, you would have a right to appeal that? Your Honor, the manner of partition has been already adjudicated and it cannot be altered. That is that is unassailable under California law. And it's a subject of another appeal that's being argued on on the first week of February. The fact that the court either misconstrued its own judgment or misconstrued California law. Either way, there's no authority under any statute in the California law that would allow the court to change the manner of partition after an interlocutory judgment has been entered. That itself is not authorized under any substantive. I understand your substantive argument on that. And I'm not questioning that. But, you know, the federal rules of civil procedure control what's a judgment, what's not a judgment. So is is is the is the is the question, can a federal court change findings in a judgment that's otherwise final under the substantive state law? I think we're talking past each other. Let me let me put the question a different way. What do you anticipate the final order of the court to be in this case? Well, yeah, that that's that's an open question in light of this court's prior decision. I mean, typically, if the if the court were to follow California law substantively, which it's required to do, it would simply just be an order confirming the manner of partition, which has already been fully adjudicated. OK. And under that, that would be an appealable order following on an appealable judgment. But in this case, we do have the the prior decision. I disagree with with with counsel. It is absolutely dispositive in this case. The question was not at all on summary judgment about a business. It was about the ownership of this property. So, counsel, your view is, at least in part, maybe in whole, that the only reason there are things that are going to go on that are other than what the district court described as basically essentially either costs or executing the judgment is because on the the certified interlocutory appeal, our court did something which affected the prior findings of the court, which which, in your view, could call into question everything. But I take it your view is that that doesn't somehow render what you view as a final judgment into a non-final judgment. Thank you, Your Honor. And I think I think I think that's right. I mean, the the prior the summary judgment was based on what Michael's counterclaims were all about the character of this piece of property, among other things. And whether it was partnership property, which would preclude mandatory partition as a matter of right, which would preclude Timothy's breach of contract claim, which would give rise to all sorts of defenses. And you look at all the briefing in the in the other case and the pretrial briefing and so forth. And this issue comes up repeatedly. And all of that evidence was excluded because of the summary judgment. Actually, a footnote here, the district court in this court noted in its opinion, the district court really apparently improperly remanded the partnership claims on this particular parcel, along with the claims that were remanded on the contiguous parcel, which was subject to an admitted partnership and acknowledged partnership. So it all support district court had actually acknowledged that there was joint ownership, joint management, joint leasing, profit sharing for many, many years. But inadvertently, it appears remanded that. So this court revived those claims, reinstated them, and they ordered a new trial, reverse the jury, reverse the judgment, reverse summary judgment. So, yes, on remand, regardless of the character of this judgment or whether it's final or not final or or otherwise. And by the way, our position is just that the internal findings can't be altered, that this theory that the iterative post judgment process of effectuation doesn't render those findings subject to just willy nilly modification. It's not so much. Is it a final appealable judgment? But but I do just want to make this point because. The reversal of the summary judgment did three things. One, it rendered the statutory basis of the partition, mandatory partition just void. That statute doesn't apply as a matter of law. The court had no authority to compel. Partition of of interests under the concurrent interest statute when when when we're dealing with partnership property, the statute there that applies is wholly discretionary, not mandatory. It has defenses and it has to be in connection with a dissolution in action and and and in other things. As your honor intimated, yes, it would be subject to set aside on remand as a result because either under 65 or law of the case, either way, if it's final or not final, you have a prior judgment that's been reversed. Now this one is no longer equitable to enforce. And then one thing that wasn't raised in the letter brief, I see I'm close to my time if I may have 30 seconds to make the last point. Thank you. Is that it's unclear to me how the district court and this does speak to finality, how the district court can even enter a final order or an additional order of partition in this case because that would nullify this court's reversal and remand and would violate the mandate there. You know, the case law is very clear that this court, the district court must align its orders with those of this court and cannot deviate from them or take any action to deviate from them. If we go back to on remand for the trial that this court has ordered on the partnership claims, knowing that the predicate of the partition no longer exists as a matter of law and fact, how can the district court now further order partition a final partition or an order confirming partition or however it's issue? It would nullify this court's mandate. It would destroy the subject matter of the litigation and moot the mandate. So in my mind, that's a very important point. I would ask this court to consider that it's far more important in many ways than the character of the interlocutory judgment. We have to we have got to honor the remand. And by the way, Appelli has tried many times to try to stay the litigation as the to consider sought an indicative ruling. And at every turn they were denied. So, counsel, your time has expired, but I have one question for you and I'll ask the other side the same question. I mean, this litigation needs to come to an end. These properties need to be settled. Would the assistance of our circuit mediators be of interest to you? Oh, certainly. I can say that, yeah, without without without disclosing any confidential matters of the parties. I assume the parties have attempted to mediate unsuccessfully previously. I have not been counsel below, perhaps. My colleague can speak to that. OK, thank you. Thank you. Thank you. We'll give you two minutes for rebuttal, but let me start with the same question. I don't know the answer to the question in either recent times or in past times for the same reason. It wasn't counsel below. But do you think that right now, as you're sitting here today, knowing your clients, do you think that the circuit mediators might be of assistance? I always have to answer that question. Yes. Not knowing more. That's that's the right thing to do. OK, so you so it sounds like everybody has said that they think a referral to the circuit mediators might make sense. Mr. Mr. Dimitrek, that's your view? Yes. You may proceed with your rebuttal. Thank you. I'll make it brief. First thing I'll ask the court to do is to look at page 1024, lines 14 through 15 of the record. That is a part of the interlocutory judgment. It states in one sentence, there is no other evidence that the property is owned by a partnership between the parties. Preceding that is the court's recitation of what the title is, as demonstrated by the evidence presented to it. In doing what I've just said, if you do that, I'll ask the court to also consider evidence code, California evidence code, section 662. That creates a presumption that the ownership of the property is as recorded by the district court, not a partnership by people. And so this all of the arguments that you've heard that your decision has eviscerated or devalued or nullified those findings is erroneous. It's just as a matter of law, it cannot be that those findings have somehow been upended. Corroborating that, if you have an interest in it, you raised this issue about what was done in the, what the effect was from the summary judgment ruling. When you look at Michael Demartini's declaration in opposition to the summary judgment motion, you will not find a statement that a partnership owned the real property. It's not there. Thank you, counsel. Thank you both for your arguments today. And again, I express my appreciation for your cooperation and finding a date where we could hold argument. We didn't want to continue it too far out and the case will be submitted for decision. Thank you. Thank you. This court for this session stands adjourned.
judges: THOMAS, BENNETT, Moskowitz